381 So.2d 906 (1980)
Billie Ann PRUDHOMME, Plaintiff-Appellee,
v.
Charles S. PRUDHOMME, Defendant-Appellant.
No. 7454.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1980.
Charles W. Seaman, Natchitoches, for defendant-appellant.
Domengeaux & Wright, Jack C. Fruge, Jr., Lafayette, for plaintiff-appellee.
*907 Before CULPEPPER, GUIDRY and DOUCET, JJ.
GUIDRY, Judge.
Defendant appeals from a judgment increasing his obligation of child support from $200.00 monthly to $375.00 monthly, urging error because, (1) there is no evidence in the record of a change in circumstances since the initial decree either in the needs of the children or of the father's ability to pay; and, (2) the increase represents a failure on the part of the trial court to consider the totality of all circumstances.
The parties to this proceeding, after being married some six years, were divorced in May of 1974. The divorce decree awarded permanent custody of the two children born of that marriage, Jim, then age 6, and Richard, then age 5, to plaintiff and ordered defendant to pay $200.00 monthly for support of the children. At the time of divorce plaintiff was employed as a secretary and earned approximately $500.00 per month. Both parties subsequently remarried.
Plaintiff, now Mrs. Harold Pierce, testified that following her remarriage she gave birth to a child, who is now two years old. She ceased her employment shortly prior to the birth of this child and has not worked since, devoting her time to the care of her three children and her husband. Mr. Pierce provides the sole support for the Pierce household other than the $200.00 monthly payment received from defendant. The record reflects that the Pierce household has a monthly net income, including the $200.00 support payment received from Mr. Prudhomme, of approximately $2062.00 and incurs monthly living expenses totaling approximately $2800.00. Included in the monthly expenses of the Pierce household is an educational expense of $200.00 monthly incurred on behalf of young Jim Prudhomme who requires special schooling. In addition Mr. and Mrs. Pierce are indebted on a demand obligation to a local bank for extra-ordinary medical and dental expenses incurred on behalf of young Richard.
Mr. Prudhomme, who also remarried, testified that there are five persons in his household, a minor daughter, issue of his first wife who died; and, the present Mrs. Prudhomme and two children of her marriage to her first husband, one a minor and the other a major. The latter child, age 20, was, at the time of trial recuperating from injuries suffered in an automobile accident and dependent upon Mr. and Mrs. Prudhomme for support. Mr. Prudhomme provides the sole support for his household, other than a $145.00 per month social security payment received by his minor child. The Prudhomme household has a monthly income, including the social security payment received by the Prudhomme minor child, of approximately $1978.00 and monthly living expenses of approximately $1800.00.
A mutual obligation of support, maintenance, and education of children is imposed by our law on both parents. The degree of support required of each is determined by the needs of the children and the circumstances of those who are obliged to pay it. LSA-C.C. Articles 227, 230 and 231; Graval v. Graval, 355 So.2d 1057 (La.App. 4th Cir. 1978); Marcus v. Burnett, 282 So.2d 122 (La.1973); Strickland v. Strickland, 377 So.2d 537 (La.App. 3rd Cir. 1979). The customary duties performed and services rendered by a mother on a daily basis contribute substantially to the mutual obligation of support. Ducote v. Ducote, 339 So.2d 835 (La.1976). In instances where one or both of the parties have remarried the earnings of their respective spouses is to be considered in making an award for child support. In essence the court must consider, in calculating the award to be made, the totality of all pertinent circumstances. Marcus v. Burnett, supra.
Although we concede that absent a showing of changed circumstances an initial award of child support should not be altered (Ducote v. Ducote, supra) we conclude, contrary to appellant's assertions of error, that the record in this case does show a change of circumstances.
Since rendition of the initial award in this case, some six years ago, there has been a *908 drastic increase in the cost of living and with the passage of time the ordinary and special needs of the children have become greater. Additionally, the record clearly supports a finding that the ability of both parents to contribute to the support of their children has increased.
It is obvious from the record that plaintiff, in addition to the services which she performs daily as a mother, contributes substantially, through the earnings of her second husband, to the financial support of her children. Likewise, the record reflects that, although defendant has apparently been faithful in meeting his obligation of support as initially fixed, the level of support provided by him is not presently in line with the needs of the children.
The learned trial judge, considering a totality of all circumstances and in the exercise of the wide discretion accorded in such cases, concluded that there should be an increase in the amount of support provided by defendant. Our review of the record does not disclose error in this conclusion.
Accordingly, for the reasons assigned the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.