430 So.2d 829 (1983)
Shirley Johnson PETRICH
v.
Creighton L. PETRICH.
No. 82-CA-216.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1983.
*830 J. Terrell Heath, New Orleans, for defendant-appellant.
Shirley Johnson Petrich, in pro. per.
Before CHEHARDY, CURRAULT and GRISBAUM, JJ.
CURRAULT, Judge.
This appeal is from the Twenty-Fourth Judicial District Court, wherein the trial judge rendered judgment granting a change of custody, but also ordered defendant-father to pay child support for the minor children remaining in the custody of the plaintiff. Defendant appeals only that portion of the judgment ordering him to pay child support.
Plaintiff-appellee, Shirley Johnson Petrich, and defendant-appellant, Creighton L. Petrich, were divorced on June 26, 1981. Shirley Petrich was granted custody of the four minor children of this marriage; namely, Kelly Petrich, Glendy Petrich, Sean Petrich and Creighton Petrich, Jr. Defendant was ordered to pay $75 per week child support.
On June 29, 1982, defendant brought a change of custody rule requesting that he be granted custody of Sean Petrich and Creighton Petrich, Jr., and that child support be terminated. Judgment was rendered September 2, 1982, granting him the change of custody he requested; but, however, ordered him to continue child support in the amount of $125 per month for the minor children remaining in the custody of the mother.
Defendant has appealed only that portion of the judgment ordering him to pay child support. On appeal, defendant has failed to assert any specifications of error. However, from his brief, we glean error to be as follows:
That the trial court erred when it failed to terminate child support owed by appellant in that appellant asserts parents have an equal obligation to support their children, and the parent providing 100 percent support for two children should not have to pay child support to the parent providing only partial support to a third child.
Both parents have mutual obligation of support, maintenance and education of children, and the degree of support required of each parent is determined by needs of the children and circumstances of those who are obliged to pay it. Further, in calculating a child support award, the court must consider the totality of all pertinent circumstances. LSA-C.C. arts. 227, 230, 231. Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3d Cir.1980).
It is clear that both mothers and fathers share equally the mutual obligation of support. Decisions sorting out that responsibility should not mechanically assess a dollar value as to the needs of the child or children and then simply divide that amount by two. Instead, when considering the totality of pertinent circumstances, both parents should shoulder their responsibilities. The awarding of child support should not be influenced by the gender of either parent.
The record showed that Ms. Johnson is employed by Hibernia National Bank and that she nets $372 per two weeks ($774 monthly). Although Ms. Johnson has custody of her two daughters, Kelly and Glendy, only Glendy resides with her. Ms. Johnson testified that the only support she gives to Kelly is payment of Kelly's medical and dental bills as Kelly was allowed to drop out of high school and begin working. Ms. Johnson has allowed Kelly, although still a minor in her custody, to live with another couple that Ms. Johnson could only recall *831 their names were Sandy and Bob and that they lived in her neighborhood.[1]
As to Glendy, there was conflicting testimony. Ms. Johnson stated Glendy resides with her and that Richard and Kathleen Hare, friends of Ms. Johnson's mother, did not contribute any support towards Glendy. However, appellant's testimony was that Glendy spent most of her time with Kathleen Hare because Ms. Johnson was not home. Appellant stated that Kathleen Hare furnished clothes for Glendy and took her on weekend trips to their summer home in Pearlington.
As to support for her two sons in the custody of appellant, Ms. Johnson stated she has contributed nothing. Appellant, on the other hand, has undertaken the custody of his sons. He has placed both boys in private school and has incurred the expenses of tuition ($1500/year), lunches ($7.50/week) and uniforms ($300/year). There is also the additional expenses of books, supplies and summer school. Appellant has also had to hire a tutor for his oldest boy in that, while in the custody of appellee, he was allowed to flunk sixth grade twice.
Mr. Petrich has also undertaken the task of seeing that Kelly receive her GED. In this regard, he has made all the necessary arrangements such as bringing her before the school board, filling in the application and paying a $20 fee. He further stated that, from time to time, he gives Kelly direct monetary support whenever possible.
Appellant is presently employed by the City of New Orleans as an engineering inspector. As such, his net take-home pay is $276.75 per two weeks ($553.50/month). He is presently pursuing an associate degree in civil engineering.
Absent a showing of change of circumstances, an initial award of child support should not be altered. Prudhomme, supra. However, appellant has demonstrated that his situation has changed sufficiently to justify the modification of the prior support order. The trial judge found a change of circumstances and accordingly reduced the child support for the daughters remaining in appellee's custody to $125. The trial judge's reduction does not go far enough.
Appellant spends 22.58 percent of his net salary for the support of his two minor daughters in the custody of appellee. This leaves appellant with a net monthly income of $428.50 for himself and the two boys in his custody.
It is clear that Ms. Johnson is enjoying a windfall. She out earns appellant by a net figure of approximately $200/month, while at the same time lends virtually no support to one daughter (Kelly) and it is certainly questionable the support she gives to the remaining daughter (Glendy). Appellant, however, while earning less than appellee, fully supports the two minor children in his custody and contributes partial support to the children in appellee's custody.
Appellant is shouldering more than his share of the mutual obligation of support. Each parent enjoys the custody of two children. Accordingly, under the circumstances of this case, appellee should be made to bear a more proportionate share of the mutual obligation.
Therefore, for the above stated reasons, the decision of the trial court is reversed; and, accordingly, the child support for the two daughters is hereby terminated. Appellee is to pay costs of this proceeding.
REVERSED.
NOTES
[1] Although Ms. Johnson testified she did not know these people's address, she did know how to get there.