CHEHARDY, Judge.
Francis Dallas Baldwin appeals from a judgment awarding him $50 per month for the support of his 15-year-old daughter Tammy Lynn Baldwin. He claims the amount is inadequate.
Mr. Baldwin and his former wife Johana T. Baldwin have been separated since 1971 and divorced since 1973. The child had lived with her mother from 1971 to February 1984 when apparently by mutual agreement between the parents, Tammy moved in with her father’s family. Since 1971 Baldwin was paying $120 per month to Mrs. Baldwin for the child’s support, as per court order.
In September 1984 the father filed rules for custody and for child support. At the hearing thereon, the parties stipulated to change of custody and the hearing went forward only on the issue of support. Mrs. Baldwin was ordered to pay her former husband $50 per month for the support of their daughter.
Both parents have mutual obligations of support, maintenance and education of children, and the degree of support required of each parent is determined by the needs of the children and the circumstances of those who are obligated to pay. LSA-C.C. arts. 227, 230, 231; Petrich v. Petrich, 430 So.2d 829 (La.App. 5th Cir. 1983); Chaffee v. Chaffee, 398 So.2d 1169 (La.App.2d Cir.1981); Prudhomme v. Prudhomme, 381 So.2d 906 (La.App.3d Cir. 1980); Graval v. Graval, 355 So.2d 1057 (La.App. 4th Cir.1978).
The award for child support should not be influenced by the gender of the parent. Petrich v. Petrich, supra.
In conformity with these legal principles we look to the child’s needs and the circumstances of those obligated to pay.
Mr. Baldwin’s family consists of six people: himself; Martha, his second wife of 11 years; their two daughters, seven and nine years of age; Tammy; and a son from the second wife’s prior marriage.
*17 Baldwin earns between $22,000 and $23,-000 per year as a cookie salesman. His present wife earns $22,400. During the past year the couple spent $6,000 to fix up their home, leaving them only $20 in their savings account. All four of the children attend parochial school. The family own a 1982 Chevrolet Chevette and a 1980 Dodge, and Mrs. Martha Baldwin receives $65 per month child support for her son from the prior marriage. Baldwin submitted an itemized list of total monthly expenses for the family of $3,042.68.
He listed Tammy’s share of expenses as follows:
⅛ share of $1912 household expenses (Including phone, electricity, water, food, share of house note.) $318
School Tuition 158
Lunch 20
Clothes 30
Entertainment 20
$556
Tammy’s mother’s gross income was $25,953, according to her 1983 tax return. She has a net income of $1,610 per month and an additional income of $475 per month from rental property in New Orleans. She owns a 1972 Volkswagen which is “currently falling apart,” but has the use of a company car although she has to pay for personal mileage. She has just purchased a home in Covington with her real estate investment partner, Mrs. Bonnie Jones. The ladies plan to commute to their full-time jobs in New Orleans, but live in Cov-ington.
She and Mrs. Jones are co-owners of 7.7 acres of unimproved land in Mississippi which they have on the market for $39,000. When the property is sold they will have to pay off an $11,187 mortgage, and Mrs. Baldwin will then be able to repay Mrs. Jones the $5,000 she borrowed as down payment on the Covington house. The ladies have other real estate investments which were not further described in the record. Mrs. Baldwin has $700 cash in her real estate investment account.
Her monthly expenses include $627 as her share of the mortgage on the Coving-ton house and $135 per month as her share of the mortgage note on the Mississippi property; she spends $400 per month for groceries. There are additional expenses for gasoline and bridge tolls. These were not itemized.
At the conclusion of the hearing the judge stated 95% of the items listed on Mr. Baldwin’s list were for expenses he would have to pay regardless of custody. The judge further considered the 13 previous years the wife had been the primary support of the child. He then asked the mother if she would volunteer to contribute to the child’s education expenses. She offered to pay $50 per month. He approved, indicating that was the amount he had in mind, and rendered judgment accordingly.
A substantial portion of Tammy’s expenses are due to the fact that she attends private school. During most of the years she lived with her mother she attended public school. However she was disinterested in school. She is a bright child. Since changing schools her grades have improved, and she is happy and well adjusted. Both parents want her to continue with her parochial school education. The yearly expenses amount to about $2,000, including tuition of $1,700, plus uniforms, mandatory lunch payments and miscellaneous expenses.
We do not agree with the trial judge’s conclusions. We find the itemized list of Tammy’s expenses entirely reasonable. Furthermore it was manifestly erroneous to take into consideration in this proceedings the support the mother provided in prior years while Tammy was living with her. Mr. Baldwin was ordered to, and did pay $120 per month for the child’s support during those years. If Mrs. Baldwin was dissatisfied with that amount which was set by the trial court judgment, she could have returned to court at any time and asked for an increase in the award. This she did not do.
At the present time the father and his second wife are both working to support their household of six people. Their ex *18 penses, particularly in educating all of the children, are heavy and their list of expenses are neither excessive nor luxurious. Their joint income approximates $45,000 per year.
In instances where one or both of the parties have remarried the earnings of their respective spouses are to be considered in making an award for child support. Prudhomme v. Prudhomme, supra; Marcus v. Burnett, 282 So.2d 122 (La.1973).
Contrasting Mr. Baldwin’s expenses and obligations with that of his former wife, who has only herself to support on an income of more than $30,000 and who has substantial other assets, we conclude that Mr. Baldwin is shouldering more than his fair share of the mutual obligation both parents have to support their child.
We conclude from the evidence that the mother can afford to pay $200 per month as her fair share for the support of her daughter.
For the reasons assigned the judgment appealed from is amended to increase the award due Mr. Baldwin from the sum of $50 per month to the sum of $200 per month.
In all other respects the judgment appealed from is affirmed.
AMENDED AND AFFIRMED.