473 So.2d 390 (1985)
Julia Eileen Saucier ST. ROMAIN, Plaintiff-Appellee,
v.
Jerome James ST. ROMAIN, Defendant-Appellant.
No. 84-600.
Court of Appeal of Louisiana, Third Circuit.
August 2, 1985.
William J. Bennett, Marksville, for defendant-appellant.
Charles A. Riddle, III, Marksville, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and KNOLL, JJ.
*391 DOMENGEAUX, Judge.
This appeal arises from a judgment increasing child support for the parties' two children from $250.00 per month per child to $280.00 per month per child.
Appellant-husband and appellee-wife were granted a judgment of divorce on July 6, 1982, which judgment also awarded custody of the parties' two minor children to the appellee and further ordered the appellant to pay $150.00 per month per child as child support, together with all medical, dental, optical, and prescription drug expenses incurred by the minor children.
Subsequently, on May 20, 1983, a judgment was signed increasing the child support payments from $150.00 per month per child to $250.00 per month per child.
On March 28, 1984, the appellee filed a rule nisi seeking an increase in child support. The rule was tried on April 18, 1984, resulting in an order which compelled appellant to pay monthly child support in the sum of $280.00 per child for a total child support payment of $560.00 per month.
In his oral reasons which were transcribed into the record, the trial judge opined that the increase in child support should be awarded because:
"[Y]ou have a normal increase from year to year just based on inflation, plus the fact that you have another real increase based on the fact that the children need more money each year; and also, Mr. St. Romain has earned a little more money than he was earning on the previous occasion."
On appeal appellant contends that the order increasing child support was erroneously rendered because the wife did not prove a change of circumstances of either of the parties which would justify an increase in child support, and further, the ruling of the court granting an increase based on inflation is not provided for by law.
We will first consider the appellant's argument that the district court erred in increasing the child support award because the plaintiff-appellee failed to prove a change in circumstances sufficient to justify the increase in child support.
The trial court is vested with much discretion in fixing the amount of child support and such an award will not be disturbed on review unless there has been a clear abuse of this discretion or manifest error in his factual appreciation. Trice v. Trice, 428 So.2d 1265 (La.App. 3rd Cir. 1983).
An initial award of child support should not be altered unless there is a showing of a change in circumstances. Ducote v. Ducote, 339 So.2d 835 (La.1976); Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980). The trial court, after considering the totality of circumstances, and in the exercise of the wide discretion accorded in such cases, found that there should be an increase in the amount of child support. A review of the record reveals that the trial court did not abuse its discretion. A mutual obligation of support, maintenance, and education of children is imposed by law on both parents. The degree of support required of each is determined by the needs of the children and the circumstances of those who are obliged to pay it. La.C.C. Arts. 227, 230, and 231; Graval v. Graval, 355 So.2d 1057 (La.App. 4th Cir.1978); Marcus v. Burnett, 282 So.2d 122 (La.1973); Strickland v. Strickland, 377 So.2d 537 (La.App. 3rd Cir. 1979); Prudhomme, supra.
The record reveals that the needs of the children have increased since the May 20, 1983, judgment which increased the child support payments to $250.00 per month per child. The children are now 7 years of age and 3½ years of age. The plaintiff testified that the expenses of feeding and clothing the children have gone up as the children are growing and are engaging in more activities. The 7 year old son has started playing soccer which has caused the plaintiff an increase of expenses as she has to transport him to the games, pay entry fees, and uniform costs.
*392 The record also reveals that the ability of both parties to meet the increased needs of the children has increased. The plaintiff's income has increased by the amount of 34¢ an hour which calculates to $13.60 a week for a 40 hour work week. The defendant has also enjoyed an increase of income from a pay supplement program for educators in the amount of $24.00 a month. The defendant's ability to meet the needs of the children has increased more than the ability of the plaintiff, as the defendant has remarried. The defendant's wife has an income of $900.00 a month net. A second wife's income is to be considered in determining the husband's obligation to support children of the first marriage. Marcus, supra.
The plaintiff provides her share of the increased needs of the children by her increase in salary, by rendering her customary duties and services as a mother, and by supporting the 7 year old in sports activities by providing his entry fees, uniform, and transportation. Therefore, it was reasonable for, and within the discretion of, the trial court to require the defendant to pay an increase in child support of $30.00 per child per month as his share of the obligation to meet the increased needs of the children.
We need now consider whether the district court erred in increasing the child support award because "an increase based on inflation is not provided for by law."
In Ducote v. Ducote, supra, our Supreme Court held "[t]hat the fact that the cost of living has risen does not alone constitute such a change in circumstances that warrants an increase of an alimony award."
We interpret that case to mean that although inflation alone is insufficient to justify an increase in a child support award, it is one of the factors which the trial court may consider in granting an increase. In this case the district judge stated that the increase was based upon inflation, the children's growing needs, and the increased income of the father. We find that the trial judge considered many factors in addition to inflation in increasing the child support award.
Therefore, after reviewing the record we find that the trial court did not commit manifest error or abuse its discretion in raising the child support payments by $30.00 per child per month to a total of $280.00 per child per month.
For the above and foregoing reasons the decision of the district court is affirmed. All costs on appeal to be assessed against defendant-appellant.
AFFIRMED.