CHEHARDY, Judge.
Vincent Arthur Patterson appeals from a judgment increasing payment for the support of his minor son Patrick Michael Patterson from $125 per month to $300 per month.
Patterson and his former wife Colleen Egan were married on March 5, 1981 and Patrick was born that August. The parties separated on February 5, 1982 and on June 22, 1982 Mrs. Patterson was awarded custody of the minor and specified visitation rights were awarded to the father. The judgment of separation was rendered on November 10, 1982. By mutual consent the mother retained custody and the court awarded $125 per month for child support.
On January 11, 1984 the father was granted a default judgment of divorce based upon living separate and apart for a period in excess of one year. The judgment continued the custody, visitation and support agreements of the earlier judgment.
Numerous problems arose thereafter between the parties concerning interference with visitation rights, late payments for support and the like, and rules were filed by each party including rules for contempt, modification of visitation, to increase the award for support, and for joint custody. The rules were consolidated for trial and judgment was rendered thereafter denying the motion for joint custody. The visitation arrangements were amended, and child support was increased to $300 per month retroactive to June 1, 1984, the date the rule was filed.
Mr. Patterson has appealed. In this court he complains only of the increase in the award for Patrick’s support.
The evidence reflects that Mr. Patterson is employed as a lineman by Southern Bell Telephone Company. He is presently married to his third wife who is currently unemployed. He has three children from his first marriage, a 10 year old, a 9 year old, and a 5 year old. Those children reside with their mother and Patterson provides $450 per month for their support by order of the court.
Patterson earned $27,165 in 1984. He has tried to augment his salary by crabbing, but this has not been successful, and while he receives a per diem in addition to his base salary when working more than 25 miles out of town, this is expense money which covers meals, lodging and gasoline. *1028 His present wife has been receiving $154 per week unemployment benefits for about six months.[1]
Appellant listed his monthly income and expenses as follows:
Gross income, $2,148; Net income, $1,366.10
Expenses:
Housing $ 496.82
Food and Supplies 280.00
Clothing (self) 25.00
Transportation 192.00
Medical and dental 25.00
Utilities and phone 215.00
Personal Grooming: 47.50
(Haircut 7.50
Cigarettes 40.00)
Fixed obligations 180.00
Miscellaneous: 852.00
(Child support, 3 children 450.00
Child support 1 child 125.00
Daily lunch at work 100.00
Church 10.00
Recreation for 4 children 100.00
Gifts for 4 children 67.00)
Total $2,313.32
Appellee is employed by Bell South Services, Inc. She testified she earned $32,307 in 1983, and that her salary was $27,500 in 1984. In addition, her first husband pays $100 per month toward the support of a four-year-old daughter born of that marriage. She and her two children live in a home which she is purchasing.
Mrs. Patterson listed her gross pay as $2,291.28 per month and her net pay as $1,542.93. She listed expenses attributable to Patrick as follows:
Housing $250.53
Pood 110.53
Clothing 50.00
Transportation 42.66
Medical and dental 25.00
Utilities 33.99
Personal 5.00
Day Nursery 154.58
Miscellaneous 5.00
Total $677.29
Her total expenses for her family of three was listed as $2,253.75 per month.
Both parties listed expenses which exceed their monthly income, but we note that Mr. Patterson was contributing $120 out of his gross monthly income to a company thrift plan and that he was including in his expenses (in addition to the support payments of $450 and $125 per month for his children) $100 per month for recreation, $67 per month for gifts and $40 for cigarettes.
Mrs. Patterson’s expense list indicated she was having monthly deductions of $120 from her gross pay made for charitable contributions and credit union loans, and $137.50 per month deducted for a thrift plan, prior to arriving at her net pay.
In this court appellant contends the trial court erred in: (1) increasing the award absent a change of circumstances; (2) alternatively the award was excessive; and (3) it should not have been made retroactive,
Relative to appellant’s first contention, our settled jurisprudence is that plaintiff has the burden of proof to show that there has been a substantial change of circumstance from the time of the prior award. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Petrich v. Petrich, 430 So.2d 829 (La.App. 5th Cir.1983); DeMarcay v. DeMarcay, 414 So.2d 845 (La.App. 4th Cir.1982).
The evidence here is that at the time support was initially set, Mrs. Patterson and the children were living in a small one-bedroom apartment and her mother was caring for young Patrick. At the present time Mrs. Patterson and the children have moved into a home she is buying, and the grandmother is no longer able to care for the child because of ill health. Patrick is now in a day care center which costs $154.58 per month, a necessary additional expense which enables his mother to work. Given these facts, the trial court *1029 correctly found a substantial change of circumstances from the prior judgment.
Relative to appellant’s second contention LSA-C.C. art. 227 provides:
“Fathers and mothers, by the very act of marrying contract together the obligation of supporting, maintaining, and educating their children.”
In Petrich v. Petrich, supra, this court stated:
“Both parents have mutual obligation of support, maintenance and education of children, and the degree of support required of each parent is determined by needs of the children and circumstances of those who are obliged to pay it. Further, in calculating a child support award, the court must consider the totality of all pertinent circumstances. LSA-C.C. arts. 227, 230, 231. Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3d Cir.1980).” 430 So.2d at 830.
The trial judge is of course vested with wide discretion in fixing child support. Bordelon v. Bordelon, 381 So.2d 871 (La.App. 3d Cir.1980); Fall v. Fontenot, 307 So.2d 779 (La.App. 3d Cir.1975).
Here appellant earns less than his former wife. He has six people to support, including the four children. His present wife is unemployed. On the other hand Mrs. Patterson has only herself and two children to support, and earns more than her former husband. She also receives an additional $100 per month toward the support of her daughter of the earlier marriage.
We conclude that under the totality of circumstances, considering the income and responsibilities of the parties, the increase in the award for the support of the minor exceed his father’s ability to pay. On the other hand, the child’s expenses and needs have increased since the amount was initially set, and a further sum, to be paid by the father, is warranted.
Accordingly the judgment of the trial court is amended to reduce the increased award for child support from the sum of $300 to the sum of $175 per month. We find no abuse of discretion in ordering the award to be made retroactive to the date that the rule was filed.
The costs of this appeal are to be assessed against the appellee and the right to recover the excess paid, if any, as child support under the judgment heretofore rendered by the district court, is reserved to the defendant-appellant.
For the reasons assigned the judgment appealed from is amended and affirmed.
AMENDED AND AFFIRMED.

. From May; the rule was tried November 8, 1984. These benefits of course would be only temporary.