654 So.2d 877 (1995)
D. Stephen ROSENBLOOM
v.
Renee Bauchat, Wife of D. Stephen ROSENBLOOM
No. 94-CA-1762.
Court of Appeal of Louisiana, Fourth Circuit.
April 26, 1995.
*878 Leslie A. Bonin, New Orleans, for appellant.
Mitchell J. Hoffman, Kermit L. Roux, III, New Orleans, for appellee.
Before BYRNES, CIACCIO and PLOTKIN, JJ.
CIACCIO, Judge.
D. Stephen Rosenbloom appeals from a trial court judgment awarding an increase in child support on a motion filed by his former spouse, Renee Bauchat Kutcher. We amend the judgment and, as amended, affirm.
On December 9, 1982, D. Stephen Rosenbloom and Renee Bauchat Rosenbloom were divorced. The judgment of divorce provided in part:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that D. Stephen Rosenbloom shall pay for the support of the minor children, James Carroll Rosenbloom and Degan Skylar Rosenbloom, the following items:
1. Petitioner shall pay to defendant the sum of $500.00 per month payable on the first day of each month for the support of the minor child, James Carroll Rosenbloom. This child support shall terminate upon the minor reaching the age of eighteen (18).
2. Petitioner shall pay to defendant the sum of $500.00 per month payable on the first day of each month for the support of the minor child, Degan Skylar Rosenbloom. This child support shall terminate upon the minor reaching the age of eighteen (18).
3. Petitioner shall pay school tuition for the children during their minority or until the completion of their higher education.
4. Petitioner shall pay and maintain major medical and hospitalization policies which afford the minor children coverage during their minority.
5. Petitioner shall pay and maintain any and all transportation costs incurred by the minor when they visit with him or his mother.
6. If defendant agrees to move to a state wherein petitioner is living and residing, and at his request, petitioner shall pay the reasonable moving expenses incurred by defendant and the children in relocating to said state.
7. Petitioner shall pay one-half (1/2) of any and all sums for summer camp, music lessons, or other incidental educational benefits so long as agreed to by the parties.
8. All other expenses of the minor children shall be the responsibility of defendant.
9. Petitioner will be entitled to declare the minor children as dependents on his Federal and State Income Tax Returns.
In March 1985 Renee Bauchat Rosenbloom married Robert Kutcher and in March 1993 James Carroll (J.C.) Rosenbloom reached the age of majority. As of the date of divorce, Mr. Rosenbloom continued to pay his former spouse monthly child support in accordance with the terms of the judgment. On September 9, 1993, Mrs. Kutcher filed a motion to increase child support. Mr. Rosenbloom filed a rule to decrease the child support on June 20, 1994. After a hearing, the trial judge rendered judgment in favor of Mrs. Kutcher, ordering Mr. Rosenbloom to pay her $5,293.17 per month for the support of the minor child Degan Skylar Rosenbloom.
On appeal, Mr. Rosenbloom argues that the trial judge erred in granting Mrs. Kutcher an increase in child support and abused its discretion in setting the award. Specifically, he contends Mrs. Kutcher failed to prove that his income had increased so as to warrant an increase in child support.
*879 Child support awards are always subject to increase or modification if the needs of the child and/or the ability of the parent to pay so warrants. Culpepper v. Culpepper, 514 So.2d 701, 702 (La.App.2d Cir.1987). The party seeking an increase, however, is generally required to prove a change in circumstances of one or both parents. The trial court is granted considerable discretion in the modification of support awards. His determination will not be disturbed on review unless the record reveals a clear abuse of discretion. Id.
In the instant case the evidence introduced at trial clearly established a change in the circumstances of Mr. Rosenbloom to support a modification of the child support award. Mr. Rosenbloom's Federal Income tax return for 1982 showed his income for that year as $216,699.00. The information provided by his accountant to establish his income for 1993 reflected that his income for that year was approximately $478,698.00. Mr. Rosenbloom testified that his income for the years 1982 through 1993 fluctuated and that it exceeded one million dollars in 1990 due to capital gains from various business transactions. According to him, although his 1990 Federal Tax Return reflected that his income was $1,337,502.00, he did not increase his child support payments. In view of the testimony and other evidence, we find Mrs. Kutcher, as the party seeking to increase the child support award, satisfied her burden of proof.
Mr. Rosenbloom next argues that the trial judge erred in calculating the award. Specifically, he argues that she erred in extrapolating a figure where the combined monthly income of the parties exceeded the maximum under the child support guidelines set forth in LSA-R.S. 9:315.10(B), resulting in an excessive award. Mr. Rosenbloom also contends that the award is excessive because the trial judged failed to consider that Mrs. Kutcher's circumstances had improved after her marriage to Mr. Kutcher.
With regard to the children of the marriage, both the father and the mother have the obligation to support. Support is to be granted considering the needs of the person to whom it is due, and the circumstances of those who are obligated to pay it. Marcus v. Burnett, 282 So.2d 122 (La.1973). The court may consider as income the benefits a party derives from remarriage, expense-sharing, or other sources. LSA-R.S. 9:315(6)(c). In arriving at an award, the totality of relevant circumstances must be considered. Seal v. Bell, 464 So.2d 1026 (La.App. 1st Cir.1985).
LSA-R.S. 9:315.10(B) provides:
If the combined adjusted gross income of the parties exceeds the highest level specified in the schedule contained in R.S. 9:315.14, the court shall use its discretion in setting the amount of the basic child support obligation, but in no event shall it be less than the highest amount set forth in the schedule.
Under the clear provisions of LSA-R.S. 9:315.10(B), the trial court has discretion in setting the amount of child support when the combined adjusted gross income of the parties exceeds the highest figure provided in the schedule, and its judgment in such matters will not be disturbed in the absence of a showing of an abuse of that discretion. Preis v. Preis, 631 So.2d 1349 (La.App. 3rd Cir. 1994).
In the instant case the trial court used the combined monthly income of the parties in calculating the award. The trial judge determined that Mr. Rosenbloom's monthly income was $39,891.50, by dividing his 1993 gross income of $478,698.00 by twelve. As to Mrs. Kutcher's monthly income, the trial judge correctly considered the living expenses incident to her second marriage. The trial judge stated:
[t]he Court notes that in the case of Mrs. Kutcher that she has no single source of income of her own other than approximately 5,000 dollars a year that she earns. The bulk of her income comes from (A) what the Court will describe as an expense sharing that she receives the benefits from her current spouse, Robert Kutcher. And under R.S. 9:315(6)(c)the Courtthe law tells us that the Court can only consider as income the benefits a party derives from expense sharing or other sources. However, in determining the benefits of expense *880 sharing the Court shall not consider the income of another spouse regardless of the remarriage existence except to the extent that such income is used directly to reduce the costs of a party's actual expenses.
So, consequently, to determine what Mrs. Kutcher's income is, the Court has to make a determination as to the benefits she receives from Mr. Kutcher. And that part of the statute also says, with regard to the party's actual expenses, his contribution to her actual expenses would not come from his gross income but from his net income.
The judge then correctly determined that Mrs. Kutcher's monthly income was $9,040.12.
The record further reflects that the trial court based its award on the income of both parties. In calculating the monthly child support award of $5,293.17, the trial judge in ruling from the bench stated:
If you add the incomes of both parties together in accordance with the guideline worksheet, then the gross income for both of these parties is 48,931 dollars and 62 cents which of course exceeds the guidelines set out in article 9:315.14 which sets out the dollar amounts per income. Much has been made about the fact that the minor child currently enjoys a lifestyle which is, of course, based upon the incomes of both these parties which is over and above the guidelines. However, when you look at the guidelines, the guidelines tell us where it is over and above that amount we look to R.S. 9:315.10 where it talks about the amounts not set forth in exceeding the schedule. And certainly the 39,000 dollars does39,891 and 50 cents exceeds it. The domestic relations section of this Court has derived a formula by looking at the entire chart and has determined that there is approximately a twelve percent differential in the amounts thatin the amounts that are set forth in this schedule. Consequently, what we have determined our basis for determining amounts over and above the guidelines to be twelve percent in addition to the basis guidelines set out. Therefore, the basic child support under the guidelines at 10,000 per month would be 1,059 dollars, and twelve percent of the average of 38,931 dollars is 4,671 dollars and 79 cents. The Court notes that there is a cost of 68 dollars per month of health insurance for the minor child Skyler (sic) as well as the cost of 736 dollars per month for the cost of tuition for this minor child. The cost of the health insurance is part of the worksheet, and Court will treat the cost of the educational expense as part of Section D on the worksheet, which would be extraordinary expenses. That is going to besimply that the parties have agreed that the minor child will attend this school so that is where that number is plugged into. So the basic child support obligation of 5,730 dollars and 79 cents plus the health insurance of 68 dollars and the tuition of 736 dollars totals for support of this child Skyler (sic) 6,534 dollars and 79 cents. Now, when you do the percentages of the income, Mr. Rosenbloom's income is 81 percent of the total and Mrs. Kutcher's income is 19 percent of the total. Therefore, the total child support obligation that is due by Mr. Rosenbloom would be 5,293 dollars and 17 cents per month. (Emphasis ours)
After carefully reviewing the record, we find the trial court's method of calculating child support awards for parents whose incomes exceed the guideline's maximum provision, adding twelve percent of the amount over and above the maximum income set out in the guidelines to the maximum allowed, to be clearly erroneous. As noted in Preis v. Preis, supra, for children whose parents' adjusted gross income exceeds the highest level specified in the guidelines, the Legislature enacted LSA-R.S. 9:315.10(B), requiring the trial court to use its discretion in setting the award with the only limitation being that in no event shall it be less than the highest amount set forth in the schedule. In this case, the trial court's procedure of taking a flat percentage of the amount above the guideline's maximum without concern and discretion by the court in balancing the needs and lifestyle of the child clearly leads to an excessive award.
At the hearing on the rule to increase child support, Mrs. Kutcher submitted *881 into evidence a list comparing Skylar's monthly expenses for the year 1983, when the court first ordered child support, and for the year 1994. We attach this list as appendix A.
As is evident, the list includes personal; housing; household supplies; food; clothing; transportation; medical; utilities; laundry; recreational; entertainment; educational; and, various miscellaneous expenses, all totalling $5,455.85. Although Mr. and Mrs. Kutcher both testified at the hearing regarding these expenses, Mrs. Kutcher offered no receipts, bills, invoices, bank statements, or other documentation to substantiate the itemized amounts. After reviewing their testimony, it is apparent that some of the expenses listed were speculative or non-existent, such as those for a personal trainer and carnival association dues. Further, several of the listed monthly expenses are clearly unreasonable for a minor child and can be attributed solely to Mr. and Mrs. Kutcher's lifestyle, i.e., gardening expense of $170, the mortgage and insurance expense of $598.00, and the vacation expense of $725.00. We also find that several of the expenses are repeated on the list. For instance, under EDUCATION Mrs. Kutcher lists Skylar's miscellaneous school items at $83.33 per month yet under MISCELLANEOUS she includes separate amounts for school photos; allowance; subscriptions; encyclopedia; swing set; Mardi Gras; veterinary; travel souvenirs; school trips and therapist. It is also apparent that several of the listed expenses are one time expenses rather than recurring monthly expenses, such as driving lessons, the swing set, and the encyclopedia set.
Mr. Rosenbloom testified that he was seeking a decrease in the child support award. According to him, in addition to paying tuition, medical expenses and $500.00 per month for Skylar pursuant to the child support order, he pays college tuition and living expenses for J.C. Rosenbloom and has set up trust accounts for both of his children. He concedes, however, in his appeal brief that the evidence submitted at the hearing established that it costs approximately $3500 per month to maintain Skylar's comfortable lifestyle.
After carefully reviewing the record, we agree with the trial judge that the evidence is sufficient to warrant an increase in child support. We find, however, that the trial judge erred in determining that the child's total monthly expenses were $6,534.79, particularly where Mrs. Kutcher, the party seeking the increase, submitted only an itemized list of $5,455.85 in monthly expenses. After reviewing the testimony of the parties and other evidence, we find the necessary and reasonable monthly expenses for the child total no more than $3500.00.
In view of the needs of the child, the totality of the circumstances of Mrs. Kutcher and Mr. Rosenbloom, and considering that each of them has an obligation and the ability to contribute to the support of the child, the trial court's award of $5,293.17 per month for child support to Mrs. Kutcher is clearly excessive and should be decreased. As the trial judge correctly determined that Mr. Rosenbloom is responsible for eighty-one percent (81%) of the total support of the child, we find he is obligated to pay Mrs. Kutcher $2835.00 per month for child support or 81% of $3500.00.
Accordingly, for the above reasons, the judgment of the trial court dated June 28, 1994, ordering D. Stephen Rosenbloom to pay Renee Bauchat Kutcher child support, is amended in part to read as follows:
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff, D. Stephen Rosenbloom, be and is hereby ordered to pay Defendant/Plaintiff-in-Rule, Renee Bauchat Kutcher, the sum of TWO THOUSAND EIGHT HUNDRED THIRTY-FIVE ($2,835.00) DOLLARS per month for the support of the minor child, Degan Skylar Rosenbloom, retroactive to the date upon which the Motion for Increase in Child Support was filed on behalf of Renee Bauchat Kutcher on September 9, 1993;
and, as amended, the judgment of the trial court is affirmed.
AMENDED AND, AS AMENDED, AFFIRMED.

*882
 APPENDIX A
 CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
 STATE OF LOUISIANA
NO. 82-6452 DIVISION "F" DOCKET NO.
 D. STEPHEN ROSENBLOOM
 VERSUS
 RENEE BAUCHAT, WIFE OF D. STEPHEN ROSENBLOOM
FILED:___________________________ _________________________________
 DEPUTY CLERK
 COMPARATIVE LIST OF MONTHLY EXPENSES OF
 SKYLAR DEGAN ROSENBLOOM
 1983 1994
 331/3% 20%
A. HOUSING:
1. Mortgage/Insurance
2. Insurance
3. Taxes $ 495.00 $ 598.00
4. Gardener $ 20.00 $ 120.00
5. Housekeeper $ 266.00 $ 170.00
6. Cable TV $ 12.00 $ 15.18
7. Exterminator $ 13.33 $ 24.40
8. Maintenance $ 73.58
9. Plants/gardening $ 41.66
10. Miscellaneous $ 33.33
B: FOOD:
1. Groceries $ 75.00 $ 300.00
2. Dining Out $ 20.00 $ 150.00
3. School Lunches $ 120.00
C. HOUSEHOLD SUPPLIES: $ 30.00 $ 30.00
D. CLOTHING: $ 75.00 $ 270.00
1. Shoes $ 30.00 $ 100.00
2. Other sports apparel $ 41.67
 (Not shoes)
E. TRANSPORTATION:
1. Car note $ 89.40
2. Maintenance $ 108.33
3. Gas and Oil $ 160.00
4. Insurance $ 25.00 $ 188.12
G. MEDICAL/DENTAL:
1. Dermatologist/Therapist $ 90.00
2. Ophthalmologist $ 7.08
3. Prescriptions $ 10.00 $ 41.50
4. Glasses/Contacts $ 60.50
H. UTILITIES:
1. Electricity
2. Gas $ 175.00 $ 160.00
3. Water $ 20.00 $ 65.00
4. Telephone $ 50.00
I. LAUNDRY/CLEANING: $ 10.00 $ 25.00
J. PERSONAL/GROOMING: $ 50.00
K. EDUCATION:
1. Books $ 10.00 $ 50.00
2. Computer $ 158.33
3. Driving lessons $ 29.17
5. Summer Camp $ 41.67
6. Sunday School $ 23.00
7. Skylar miscellaneous school items $ 83.33
L. ENTERTAINMENT:
1. Workouts $ 200.00
2. Books/Tapes $ 20.00 $ 50.00

*883
3. Vacations $ 100.00 $ 725.00
4. Movie/Video game rentals $ 50.00
5. One Saints season ticket $ 34.17
 (Loge section)
M. GIFTS:
 (Christmas/Birthdays, etc.) $ 50.00 $ 150.00
N. MISCELLANEOUS:
1. School Photos $ 4.17
2. Allowance $ 100.00

*883
3. Subscriptions $ 13.00
4. Encyclopedia $ 250.00
5. Swing Set $ 7.08
6. Mardi Gras (Bacchus) $ 166.67
7. Veterinary $ 50.00
8. Travel souvenirs $ 29.17
9. School trips $ 16.67
10. Therapist $ 41.67
 _________ _________
TOTAL EXPENSES: $1,456.33 $5,455.85

Respectfully submitted,
LOWE, STEIN, HOFFMAN, ALLWEISS
 & HAUVER
BY: ___________________________
 MITCHELL J. HOFFMAN
(# 6896)
ATTORNEYS FOR RENEÉ BAUCHAT
KUTCHER