673 So.2d 1154 (1996)
Carolyn Kay YOUNG, Plaintiff-Appellant,
v.
Jessie J. YOUNG, Jr., Defendant-Appellee.
No. 95-1154.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1996.
Alex L. Andrus III, Opelousas, for Jessie J. Young.
Dwight David Reed, Opelousas, for Carolyn Kay Young.
Before DECUIR, PETERS, AMY, SULLIVAN, and GREMILLION, JJ.
PETERS, Judge.
Carolyn Kay Norris[1] instituted these proceedings against her former husband, Jessie J. Young, Jr., to obtain an increase in child support for the parties' two minor children. After trial, the court denied Ms. Norris' request for an increase, and she has instituted this appeal. For the following reasons, we affirm the judgment of the trial court.

DISCUSSION OF THE RECORD
Carolyn Kay Norris and Jessie J. Young, Jr., were married on June 29, 1974, and of *1155 that marriage, three children were born: Dawn, Brant, and Christopher. On September 26, 1990, the trial court rendered judgment in favor of Mr. Young, decreeing a judicial separation between the parties. At the time this judgment was rendered, all three children were unemancipated minors. The judgment incorporated a joint custody plan, which designated the mother as the primary custodian. As to support obligations, the joint custody plan provided in part:
The father shall pay to the mother, as child support, the sum of TWO HUNDRED THIRTY-THREE AND NO/100 [sic] ($233.33) DOLLARS per child per month, for a total of SEVEN HUNDRED AND NO/100 ($700.00) DOLLARS, payable in two monthly installments of THREE HUNDRED FIFTY AND NO/ 100 ($350.00) DOLLARS due by the 10th and 25th of each month, beginning with the month of September, 1990.
The mother and father acknowledges [sic] that the child support guidelines contained in LSA-R.S. 315 et. seq. provide for a larger sum as shown on the attached worksheet. However, the mother has agreed to accept less in consideration of the husband's agreement to pay all community debts, except SUSAN THEALL's attorney's fees and court costs incurred by CAROLYN YOUNG.
The child support obligation worksheet attached to the joint custody plan reflected a monthly adjusted gross income for Ms. Norris of $403.00; a monthly adjusted gross income for Mr. Young of $3,183.00; and a total child support obligation of $1,119.00. According to the worksheet, Mr. Young's share of the support obligation was to be eighty-nine percent, or $995.91 per month. However, the recommended child support obligation for Mr. Young was set at $700.00 per month, and the worksheet contained the following language:
[Ms. Norris] will agree to accept $700.00/ month child support because the husband agrees to pay all community debts. He will also agree to buy clothes for the children as he is able to afford to.
On May 23, 1991, the trial court rendered a judgment of divorce dissolving the marriage. The judgment provided in part that all of the provisions of the joint custody plan incorporated into the judgment of separation be continued in full force and effect. The testimony presented at the divorce hearing did not reveal the financial condition of either party.
Subsequent to the divorce, both parties remarried. Ms. Norris' new husband, Rex Norris, has two children by a previous marriage. These children live with Mr. and Ms. Norris, and Mr. Norris is the sole source of financial support for these children. Mr. Young's current wife, Cathy, has three minor children by a previous marriage, and these three children reside with Mr. and Ms. Young. Although the current Ms. Young has a judgment ordering the father of her three children to financially support them, he apparently does not do so on a regular basis. Sometime shortly after her parents' divorce, Dawn married, and Mr. Young was thereby relieved of his obligation to support her.
On March 3, 1995, Ms. Norris filed the action currently before this court, seeking an increase in child support on the grounds that Mr. Young's income had increased and that the cost of providing for the remaining two children had increased. The denial of this relief prompted this appeal.

OPINION
Alimony for the support of a minor child, or child support, is to be "granted in proportion to the wants of the [child], and the circumstances of those who are to pay it." La.Civ.Code art. 231. Both parents have an obligation to support, maintain, and educate their children. La.Civ.Code art. 227. Child support awards are always subject to modification if the needs of the child or children and the ability of the parent to pay change. Rosenbloom v. Rosenbloom, 94-1762 (La. App. 4 Cir. 4/26/95); 654 So.2d 877, writ denied, 95-1320 (La. 9/1/95); 658 So.2d 1266. The party seeking modification of a preexisting child support award must show the necessary change of circumstances. See La.R.S. 9:311(A). The trial court has great discretion in decisions concerning the modification *1156 of child support decrees. Green v. Green, 95-307 (La.App. 3 Cir. 10/4/95); 663 So.2d 277. Therefore, we should not disturb a trial court's decision concerning support modification absent a clear abuse of discretion. Rosenbloom, 654 So.2d 877.
Ms. Norris testified that she was unemployed when the divorce was rendered but was employed and making a gross salary of $550.00 per month at the time of the modification proceedings. At that same time, Mr. Norris was making $1,000.00 per month and all of his income was used for the family's common expenses. Ms. Norris' only testimony concerning the increased cost of raising her two remaining children was that inflation had made raising them more expensive.
Mr. Young testified that he was grossing approximately $700.00 to $1,000.00 per month more than he was at the time of the divorce; that he was still paying the community debts in accordance with the original compromise agreement; and that his current wife does not work outside the home and was expecting their first child at the time of the modification hearing.
In its reasons for judgment, the trial court concluded that it had been furnished with no evidence of an increase in the expenses associated with raising the minor children and that the only thing left to review was the litigants' respective incomes. The trial court concluded that Mr. Young's gross income was approximately $3,000.00 per month at the time of the divorce and $3,700.00 per month at the time of the modification hearing. In the same period, Ms. Norris' gross income had increased from zero to $550.00 per month. The trial court concluded that the net difference of $450.00 per month (actually $150.00 per month) was not a sufficient change in circumstances to justify an increase in the child support award. In reaching this conclusion, the trial court did not even consider the income of Mr. Norris.
We recognize that there has been a change in both parties' respective incomes. We also note that because Mr. Norris' income was allocated to reduce the cost of Ms. Norris' actual expenses, some of those earnings may also be attributed to Ms. Norris. See La.R.S. 9:315(6)(c). However, no evidence was presented to establish exactly what portion of Mr. Norris' income was used for Ms. Norris' children, and the court was unable to establish that amount. Additionally, while inflation is one of the factors which may be considered in determining whether a child support award should be modified, it alone is insufficient to justify an increase in a child support award. See St. Romain v. St. Romain, 473 So.2d 390 (La.App. 3 Cir.1985). We find no abuse of the trial court's discretion in its determination that no increase was warranted.

DISPOSITION
The judgment of the trial court is affirmed in all respects. All costs of these proceedings are taxed against Carolyn Kay Norris.
AFFIRMED.
AMY and SULLIVAN, JJ., dissents.
NOTES
[1] The appellant, Carolyn Kay Young, has remarried, and her current name is Carolyn Kay Norris. In this opinion, she will be referred to as Carolyn Kay Norris or Ms. Norris.