ROBERT J. BURNS, Judge Pro Tern.
James C. White, Jr. appeals a Juvenile Court judgment ordering him to pay child support in the amount of $588.00 per month. We affirm.
On August 22, 1989, a Judgment of Divorce was rendered in the Twenty-Ninth Judicial District Court, on behalf of Michelle I. White and James C. White, Jr. granting joint custody and setting child support in the sum of $600.00 per month to be paid by Mr. White. The support was for the benefit of the two children born of the marriage, Tammy (born March 26, 1978) and Jonathan (born May 12, 1983).
Michelle White applied for services from the State of Louisiana, Department of Social Services and on February 25, 1991, the Department and Michelle White filed a petition for child support against James C. White, Jr. pursuant to R.S. 46:236.1(F)[1] The hearing officer recommended that child support be set in the amount of $619.00 per month. Mr. White did not agree with this recommendation and requested a hearing before the Juvenile Court judge. There was a child support hearing in Juvenile Court for the Parish of Jefferson whereby the juvenile judge awarded child support in the amount of $588.00 per month. James C. White, Jr. appealed that judgment.
Appellant first contends that the proceedings in Juvenile Court were unruly and that the judge failed to keep the hearing under control. This argument is without merit, since the appellant does not specifically show evidence of any error on the part of the judge. In his brief, the appellant charges that there was “nit-picking between the parties” and that “a major portion of the hearing was devoted to appellant and appellee taking potshots at each other”. On several occasions the appellant interrupted the judge, yet the judge allowed him to be heard. In reading the *33 transcript of the hearing on November 18, 1991, we believe the actions of the Judge were entirely proper.
Appellant also contends that the judge abused her discretion in setting child support in the amount of $588.00 per month. Louisiana has adopted Child Support Guidelines. See LSA-R.S. 9:815.1. Under that statute a court is obligated to follow the amounts obtained by the use of the worksheet, unless certain statutory reasons for deviation are met. Originally, child support was set at $600.00 per month by the Twenty-Ninth Judicial District Court. Upon petition to Juvenile Court for criminal non-support, the hearing officer recommended to the court that child support be set in the amount of $619.00 per month. After allowing both sides to present their case, the judge reduced the amount to $588.00 per month.
In this case the court deviated from the guidelines and set a lower amount. The appellant complains that he should have received more credit because of the time the children spend with him. In deviating from the guidelines, the judge must consider R.S. 9:315.8(E) which provides:
In cases of joint custody, the court shall consider the period of time spent by the child with the nondomiciliary party as a basis for adjustment to the amount of child support to be paid during that period of time. The court shall include in such consideration the continuing expenses of the domiciliary party.
The judge did consider the time the appellant spends with the children and the continuing expenses of Michelle White. The judge acted within her wide discretion and adjusted the award of child support accordingly. Therefore, this claim is without merit and we find the actions of the court to be proper and in accord with statutory law.
Accordingly, the Juvenile Court ruling is affirmed, with James C. White, Jr. to bear all costs of this appeal.
AFFIRMED.

. This statute provides in pertinent part that:
The Department may take direct action to modify an order or judgment of support, including actions to increase or decrease support, in any case in which the department is providing services pursuant to this Section. A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding.