666 So.2d 1168 (1995)
In the Matter of Bruce G. BURKENSTOCK and Vickie Brinkman Burkenstock.
No. 95-CA-586.
Court of Appeal of Louisiana, Fifth Circuit.
December 13, 1995.
Bonin & Rosenzweig, Leslie A. Bonin and Ira J. Rosenzweig, New Orleans, for Appellant, Bruce G. Burkenstock.
Leon C. Vial, III, Hahnville, for Appellee, Vickie Brinkman Burkenstock.
Before GAUDIN and DUFRESNE, JJ., and REMY CHIASSON, J. Pro Tem.
REMY CHIASSON, Judge Pro Tem.
Bruce Burkenstock (hereinafter Bruce) appeals the trial court judgment ordering an increase in the child support he is required to pay to his former wife Vickie Burkenstock (hereinafter Vickie) from $300.00 per month to $500.00 per month. We affirm.

*1169 FACTS
Bruce and Vickie were divorced by judgment dated December 21, 1989. Two children were born of this marriage. By consent judgment dated January 16, 1992, it was agreed that Bruce would pay Vickie child support in the amount of $300.00 per month; that the parents would have joint custody with Bruce designated as primary custodial parent; and that each parent would have visitation with the children 15 days per month and two weekends per month.
Thereafter, numerous rules were filed and judgements rendered concerning injunctions, custody, visitation and support climaxing in a rule to increase child support filed by Vickie and heard on January 12, 1995. At this hearing, the court had a bench conference wherein counsel for Bruce admitted "They're both making more money. She's making more money and he's making more money ..." Further, Bruce's counsel stated he now makes 70% of their combined income whereas when the $300.00 support award was set he made 55% of the total income. Finally, the parties stipulated to the gross income of each parent which dictates a total child support obligation of $1,079.00 per month. Bruce makes $42,000.00 per year and is responsible for 70% of the child support obligation or $755.00 and Vickie, who makes $18,000.00 per year, is responsible for 30% of the child support obligation or $324.00. However, because they split the children 50% of the time, the court reduced Bruce's total child support obligation to $500.00.

ISSUES
On appeal, Bruce contends the trial court erred in the following respects:
1. The court did not find a substantial change in circumstances to justify the increase;
2. Because Bruce is the domiciliary parent, the court erred in ordering him to pay support to Vickie;
3. The court erred in ordering him to pay more than fifty percent of the basic child support obligation when he has the children at least fifty percent of the time; and
4. The court erred in not issuing oral or written reasons for deviating from the guidelines.

ANALYSIS
We find no merit to Bruce's contentions. The long standing rule utilized to determine whether an increase or decrease in child support is warranted is set forth in LSA-R.S. 9:311(A):
When the parties seek to modify child support previously fixed in a consent judgment, the party seeking the modification must prove a change of circumstance of one of the spouses. Such change must occur between the date of the consent judgment and date of the rule for modification.
Lacassagne v. Lacassagne, 430 So.2d 818 (La.App. 5th Cir.1983); Somme v. Somme, 524 So.2d 258, 259 (La.App. 5th Cir.1988) and Megison v. Megison, 642 So.2d 885 (La. App. 5th Cir.1994).
The record herein reflects, and counsel for both parties admitted, both Bruce and Vickie have a greater income now than they did when the initial order was set and that Bruce now makes 70 percent of the couple's combined income versus the 55 percent of the couple's combined income he made at the time the original support order was set. Accordingly, we find the trial court properly found a change of circumstances sufficient to justify an increase in the child support award.
Next, Bruce contends the trial court erred in failing to give sufficient reasons to justify a modification from the child support guidelines. LSA-R.S. 9:315.1(A) creates a rebuttable presumption that the amount calculated under the guidelines is the proper amount of child support to be awarded. LSA-R.S. 9:315.1(B) allows the court to deviate from the guidelines if its application would be inequitable to the parties or not in the best interest of the child or children. The statute mandates that the court give oral or written reasons for any deviation and these reasons shall be made a part of the record of the proceedings. Crockett v. *1170 Crockett, 575 So.2d 942 (La.App. 2d Cir. 1991).
In its written reasons for judgment, the trial court found that because the children live with each parent half the time, Bruce's child support obligation would be reduced from $755.00 per month to $500.00 per month. Bruce argues that the reduction should be 50 percent, the same as it was at the original setting of support. This would result in Bruce paying child support in the amount of $377.50.
There is no hard and fast rule to determine just how much to reduce the support obligation based on the percentage of time the children live with either parent. When we look to set child support in situations where one parent enjoys visitation every other weekend and during part of the summer, the basic child support obligation is typically not reduced by the percentage of time the child stays with the nondomiciliary parent. We see no reason here to require the trial court to reduce the father's support obligation by 50 percent because the children spend their time equally with each parent. Accordingly, the trial court did not abuse its discretion in reducing Bruce's child support obligation to $500.00 per month rather than $377.50 per month as requested by him.
Finally, Bruce contends he should not be required to pay support because he is the custodial parent and, based on LSA-R.S. 9:315.8(D), he is not obligated to pay Vickie child support. LSA-R.S. 9:315.8(D) provides in pertinent part:
The party without legal custody or nondomiciliary party shall owe his or her total child support obligation ... to the custodial or domiciliary party ...
The rule cited by Bruce contemplates that the children live with one parent the majority of the time and have visitation with the other parent. The parent exercising "visitation" is obligated to pay child support to the other parent. In the case at bar, while Bruce was named "primary custodial parent" in the 1991 consent judgment, Bruce and Vickie were awarded joint custody and the children split their time equally between both parents. The purpose of child support is to assist the spouse with the added expense associated with raising children versus living alone. Because the children actually reside with Vickie half the time, the trial court was correct in requiring Bruce to pay child support to Vickie, albeit in an amount less than the total set forth in the support guidelines.

DECREE
For the foregoing reason, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the appellant.
AFFIRMED.