liBOWES, Judge.
Plaintiff, Gail Simon Krueger, appeals from a judgment awarding child support of $140.69 per month, plus 62.89% of the private school tuition and fees, for a total award of $264.16. We affirm.

FACTS

The parties were married on January 25, 1986. They had one child who was bom on May 9, 1987. Gail Krueger filed a petition for divorce on September 20,1991. On October 3, 1991, the trial court rendered judgment granting to the parties joint custody, with plaintiff as the primary custodial parent, pursuant to a court adopted plan of implementation of order of joint custody. The trial court also granted judgment awarding to Mrs. Krueger child support of $550.00 per month from the date of filing until May 31, 1992, and $400.00 per month, plus payment of the house Rnote beginning June 1, 1992. The parties were granted a divorce a vinculo matrimonii by judgment dated May 11, 1992.
On February 3, 1995, Mr. Krueger filed a rule to increase visitation, decrease child support and alternate tax credit for the minor child. Mrs. Krueger filed a rule to increase child support on February 17, 1995. The trial court rendered judgment on April 12, 1995, which granted increased visitation in accordance with a consent custody plan. The trial court also granted an increase in child support, and ordered that Mr. Krueger pay $698.76, effective April 1,1995.
On August 18, 1995, Mr. Krueger filed a rule to change custody and for decrease in child support. The parties agreed to a shared custody arrangement on a temporary basis (each party had custody on alternating weeks; each parent has custody 50% of the time) in a consent judgment rendered on November 3,1995.
Both parties state that, at a status conference on January 3, 1996, they agreed to maintain the shared custody arrangement. The parties could not agree on the issue of child support and that issue was submitted to the court on memorandum, with both parties submitting child support obligation calculations.
On January 26, 1996, the trial court rendered judgment ■ setting the child support obligation. The trial judge first adopted the calculations in a |3worksheet attached to the memorandum of plaintiff/appellant, Mrs. Krueger, and then modified the recommended obligation:
The Court accepts that the recommended child support of GAIL KRUEGER would be $335.81 and HARRY KRUEGER $617.19 if the parties didn’t share physical custody. Since they share physical custody ion a fifty/fifty (50/50) basis the Court must deal with one-half (1/2) of the net difference between the support obligation. The Court finds that the net difference between HARRY KRUEGER’S obligation and GAIL KRUEGER’S obligation is $281.38 and under the Matheme formula must divide that amount by one-half (1/2) so that the support obligation owed GAIL KRUEGER by HARRY KRUEGER is $140.69. In addition to this support obligation the Court will require HARRY KRUEGER to pay 62.89% of the private school tuition and fees which the parties agreed would be paid. HARRY KRUEGER will pay $123.50 in addition to the support obligation of $140.69 each month to GAIL KRUEGER to satisfy his support obligation. GAIL KRUEGER will continue to cover their minor son on health insurance benefits through her employment and the parties will divide uncovered medical benefits on a pro rata basis in accordance with their income, GAIL KRUEGER paying thirty-seven (37%) percent and HARRY KRUEGER paying sixty-three (63%) percent.
Plaintiff has appealed from this decision.

ANALYSIS

On appeal, the plaintiff argues that the trial court erred in its modification of the *1053 child support obligation, because it did not consider the on-going expenses of the domiciliary parent in determining the child support award.
|4The Louisiana Child Support Guidelines are found in La. R.S. 9:315, et seq. Under the statute, the trial court is obligated to follow the child support amounts obtained by use of the support obligation worksheet, unless certain statutory reasons for deviation are met. State, Department of Social Services v. White, 606 So.2d 31 (La.App. 5 Cir.1992). We also note that the trial court is granted discretion in its award of child support, in accordance with La. R.S. 9:315.12.1 which provides that “Deviations by the trial court from the guidelines set forth in this Part shall not be disturbed absent a finding of manifest error.”
In this case, the trial court accepted the child support calculation worksheet which was prepared by appellant, and then modified that calculation by reducing same 50% to reflect the fact that the minor spent 50% of the time with his father.
La. R.S. 9:315.8(E) provides;
In cases of joint custody, the court shall consider the period of time spent by the child with the nondomiciliary party as a basis for adjustment to the amount of child support to be paid during that period of time. The court shall include in such consideration the continuing expenses of the domiciliary party.
In Green v. Green, 95-307 (La.App. 3 Cir. 10/4/95), 663 So.2d 277 the court said that:
[La. R.S. 9:315.8(E) ] mandates that the court is required to consider the period of time spent with the nondomiciliary party as a basis for adjustment of the child support obligation. It also, importantly, |Brequires the court to make this consideration in light of the domiciliary party’s continuing expenses. The statute does not mandate an adjustment for time spent, nor does it remove from the trial court the discretion to decide whether to make an adjustment.
See also Brazan v. Brazan, 93-2369 (La.App. 1 Cir. 6/24/94), 638 So.2d 1176, in which the child support obligation was reduced by 50% where the father had the child 50% of the time and had agreed to pay the child care expenses.
In this ease, the trial court considered the “fifty-fifty” custody arrangement and reduced the child support award accordingly. The trial court did not reduce the father’s obligation for the private school expenses, and the father was ordered to pay his proportionate share.
After reviewing the record as designated by the appellant in this matter, we cannot say that the trial judge abused his vast discretion in the manner in which he made his calculations and decided the issues and his decisions on these issues seem fair and equitable to us.
For the above discussed reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant, Gail Simon Krueger.
AFFIRMED.