J2LOTTINGER, Chief Judge.
This is an action for custody, visitation and child support of a three-year-old child. The mother now appeals the family court’s award of joint custody and its plan of implementation which provides for alternate visitation privileges every two months. The mother further appeals the family court’s award of child support and one-half of the transportation costs.
FACTS
The record reflects that the parties hereto met in New York City in 1990, and were married a year and a half later in March of 1992. Following their marriage, the couple resided in Sterling, Virginia where their son, Kristian, was born in October of 1992. The couple remained in Virginia for almost three years. During this time, plaintiff, Cheri Cor-bett Jessen (hereinafter, “Ms.Jessen”), continued her employment as a flight attendant with American Airlines, while defendant, Thomas Jessen (hereinafter, “Mr.Jessen”), a Danish national, worked under contract with the import sales division of Anheuser-Busch.
When Mr. Jessen’s contract ultimately ran out, he secured another position with Anheu-ser-Busch’s marketing division; however, this change necessitated a move to Plantation, Florida. Ms. Jessen was able to switch her base of operations to Miami where she began flying international flights. After eight months in Florida, Mr. Jessen secured a better paying job as a district manager for a bottled water firm in Austin, Texas. Following their move to Austin, the couple lived there for approximately four weeks when Ms. Jessen left and moved with Kristian back to her family’s home in East Baton Rouge Parish. Approximately three weeks later, she filed for divorce.
Following a hearing on a rule to show cause as to custody and visitation, the family court in and for the Parish of East Baton Rouge awarded provisional custody of Kris-tian to Ms. Jessen subject to unsupervised visitation with Mr. Jessen in Austin for alternate three-week periods. Aggrieved, Ms. Jessen thereafter obtained a writ from this court vacating the proposed visitation schedule on the grounds that said schedule was “unreasonable in light of the distance between the parties.”[1]
IgFolIowing a subsequent hearing on the issue of permanent custody, the family court awarded custody of Kristian jointly to Ms. Jessen and Mr. Jessen, with Ms. Jessen being named as the domiciliary parent. Using their combined monthly gross incomes, the court calculated the basic support obligation owed by the parties for one child, and fixed Mr. Jessen’s monthly support obligation at $205.00. The family court then ordered the parties to submit to the court within thirty days a plan that would provide for equal sharing of the child.
When the parties thereafter failed to submit a plan, the court devised its own plan which granted to each parent visitation with the child for alternating two-month periods. The court’s plan also provided that during the middle of the other parent’s visitation cycle, the non-visiting parent could visit the child for a weekend at the place where the child was staying. The plan devised by the court further provided that the parents would alternate the major holidays, and that each parent would be responsible for one-half *719 of the costs of transporting the child between the two households. The family court signed a judgment in accordance with these findings on August 29, 1996.[2] From this judgment, Ms. Jessen now appeals.[3]
ASSIGNMENTS OF ERROR
In her appeal, Ms. Jessen asserts that the family court abused its discretion in the following respects:
1. In ordering that the parties share joint custody of their minor child;
2. In ordering “that the parties share physical custody equally, to the extent feasible, as close to fifty (50%) percent of the time as possible”;
3. In ordering the mother to repay the father for certain travel costs; and
144. In ordering the father to pay the mother only $205.00 dollars in monthly child support.
DISCUSSION
After a thorough review and evaluation of the record, we are convinced that the evidence supports the family court’s decision to award custody of the minor to the parties jointly in accordance with La. Civ.Code art. 132. In concluding that joint custody was in the best interest of the child, the family court, in written reasons for judgment, carefully considered the twelve factors set forth under La. Civ.Code art. 134 and provided a well-reasoned analysis for its findings. We find no fault in its determination.
In her second assignment of error, Ms. Jessen contends that the family court’s order “that the parties share physical custody equally, to the extent feasible, as close to fifty (50%) percent of the time as possible,” constituted an abuse of discretion. In support of this contention, Ms. Jessen cites Swope v. Swope, 521 So.2d 656 (La.App. 1st Cir.1988) and Stanley v. Stanley, 592 So.2d 862 (La.App. 3rd Cir.1991) for the proposition that where the parents live in different cities, a joint custody implementation plan providing for a fifty-fifty sharing of physical custody is not in the child’s best interest. We find these cases to be inapposite for the reason that they dealt with school age children, and were decided prior to the enactment in 1993 of La. R.S. 9:335 A(2)(b).
As this court noted in Remson v. Remson, 95-1951 (La.App. 1st Cir. 4/4/96), 672 So.2d 409:
LSA-R.S. 9:335 enacted by Acts 1993, No. 261, § 5, and the previous amendments to LSA-C.C. art. 131(D) as amended by Acts 1993, No. 905, § 1, represent a substantial departure from prior law. Previously, the courts consistently held that joint custody did not mean a 50-50 sharing of time. Brozan v. Brozan, 93-2369 (La. App. 1 Cir. 6/24/94), 638 So.2d 1176. However, the legislative amendments indicate a clear intent to foster an equal sharing of custody when it is feasible and in the best interests of the children. We believe that the best interest of the child remains the paramount concern in making custody determinations; however, that interest must be balanced with a parent’s right to equally share the physical custody of the child where feasible. See Bynog v. Bynog, 95-173 (La.App. 3d Cir. 7/26/95), 663 So.2d 86. [Footnote omitted.]
Remson v. Remson, 672 So.2d at 412.
IsAt the time this matter was tried in July of 1996, the parties’ minor child was nearly *720 four years old. While the distance between the parties involved a six or seven hour drive by car, Ms. Jessen testified that there are approximately five flights a day from Baton Rouge to Austin via Dallas on American Eagle, a subsidiary of American Airlines. While she is required to fly on a standby basis, she and her son may do so for five dollars per person each way. In light of the particular facts of this case, and inasmuch as the child was not yet of suitable school age, we cannot say that the parents’ distance from one another precludes a fifty-fifty sharing of physical custody. See, Evans v. Lungrin, 96-576, p. 8 (La.App. 3rd Cir. 12/11/96); 686 So.2d 67, 71. Accordingly, we find this assignment of error to be without merit.
The third assignment of error raised by Ms. Jessen is that the family court abused its discretion in ordering “each party to be responsible for one-half of the transportation costs.” Ms. Jessen argues that customarily the parent without custody who seeks to exercise visitation is required to pay the transportation costs associated therewith. Ms. Jessen further argues that this court should award her sole custody of her minor son, thereby eliminating the need for a fifty-fifty schedule of visitation and a sharing of travel costs. This we have already declined to do.
We cannot say that the family court abused its discretion in ordering each parent to be responsible for one-half of the transportation costs of the child. As we have noted, Ms. Jessen contends, without citing any authority, that it is customary in such situations for each parent to be responsible for his or her own transportation expenses; however, given the unique circumstances presented by this case where the mother may obtain discounted airfare, we think the language of the family court’s judgment means exactly what it says—each parent is responsible for one-half of the transportation costs of the child each way. It is our belief that the family court phrased its judgment in this manner so as to encourage the mother to purchase round trip airfare for her child as this mode of transportation is clearly easier on the child and less expensive for all concerned.
In her fourth and final assignment of error, Ms. Jessen asserts that the family court abused its discretion in ordering her former husband to pay only $205.00 dollars in monthly child support. Ms. Jessen further asks that Mr. Jessen be ordered to pay his proportionate share of the cost of the child’s health care insurance premium.
| eGenerally, the trial court’s order of child support is entitled to great weight and will not be disturbed on appeal absent clear abuse of discretion. Campbell v. Campbell, 95-1711, p. 4 (La.App. 1st Cir. 10/10/96), 682 So.2d 312, 316.
In its written reasons for judgment, the family court stated:
As to child support. The court finds that Mr. Thomas Jessen’s income is in the amount of $3,417.00 per month/[4] Mrs. Cheri Jessen’s income is $1,959.00 per month, for a combined gross income of $5,376.00 per month. With a combined gross income of $5,376.00 per month, the basic child support obligation for one child is in the amount of $735.00 extrapolated [sic]. Mrs. Jessen contributes 36% to the combined gross income and Mr. Jessen provides 64%. The court multiplies 64% times $735.00, it equals $470.00. The court then multiplies 36% times $735.00, which equals $265.00. The court then subtracts the smaller from the larger amount which leaves a balance of $205.00. That amount is the amount that Mr. Jessen is required to pay to Mrs. Jessen for the maintenance and support of the child.
Upon review of this matter, we note that the family court followed the directive of La. R.S. 9:315.2 and derived each party’s proportionate share of the basic child support obligation based upon his or her percentage of the combined gross income. The family court then concluded, without further explanation, that Mr. Jessen’s monthly support obligation was the balance remaining once Ms. Jessen’s obligation of $265.00 was sub *721 tracted from Mr. Jessen’s obligation of $470.00. Such a deduction is not recognized in the child support provisions.[5]
As we have previously discussed, the family court ordered that the parties share physical custody of the child equally, to the extent feasible. The family court further designated Ms. Jessen as the domiciliary parent. The statutory provisions mandate that the nondomiciliary parent shall owe his or her total child support obligation as a money judgment to the parent with domiciliary custody. La. R.S. 9:315.8 D. The obligation is so directed because it is assumed that the party with domiciliary custody will bear most of the costs of raising the children. Campbell v. Campbell, 95-1711, at p. 13, 682 So.2d at 321; State in the Interest of Travers v. Travers, 28,022, p. 4 (La.App. 2nd Cir. 12/6/95), 665 So.2d 625, 627. As this court recognized in Campbell, some custody arrangements will pose more complex support problems.
La. R.S. 9:315.8 E provides that:
[i]n eases of joint custody, the court shall consider the period of time spent by the child with the nondomiciliary party as a basis for adjustment to the amount of child support to be paid during that time. The court shall include in such consideration the continuing expenses of the domiciliary party. (Emphasis added.)
In the instant case, even though Ms. Jes-sen was designated as the domiciliary parent, the child currently spends an equivalent and extended amount of time, i.e., two months, with each parent. It would seem to follow that during these periods of visitation, the parent with custody contributes substantially, if not exclusively, to the needs of the child.
While Ms. Jessen introduced a list of what her projected living expenses would be if and when she would move to a place of her own, we note that she is currently living with her parents and sister on a sprawling country estate and has no immediate plans to leave. There is no evidence that she contributes to the household expenses. Presumably because of the extended amount of time his son spends in his home, Mr. Jessen currently maintains a two-bedroom apartment in Austin. In light of the equivalent and extended amount of time the child spends with the nondomiciliary parent and the lack of evidence as to the continuing expenses of the domiciliary parent, we find that an adjustment is warranted.
There is no hard and fast rule to determine just how much to reduce the support obligation based on the percentage of time the children live with either parent. Matter of Burkenstock, 95-586, p. 4 (La.App. 5th Cir. 12/13/95), 666 So.2d 1168, 1170. We note that under a mechanical application of the child support guidelines, Mr. Jessen’s basic child support obligation would be $470.00 per month. Because the parents currently alternate physical custody of the child every two months, it would seem inequitable to require Mr. Jessen to pay child support during the months that the child is in his care. La. R.S. 9:315.8 E provides that an adjustment may be made during this period. If Ms. Jessen received child support only during the months she had physical custody as opposed to every month, the $205.00 monthly child support awarded to her by the family court would total $410.00 per month. We cannot say that the Igfamily court’s award of $205.00 dollars per month in child support to Ms. Jessen constituted an abuse of discretion.
We turn now to Ms. Jessen’s request that we order Mr. Jessen to pay his proportionate share of the cost of the child’s health care insurance premium. We look to La. R.S. 9:315.4 which provides that:
In any child support case, the court may order one of the parties to enroll or maintain an insurable child in a health benefits plan, policy or program. In determining which party should be required to enroll the child or to maintain such insurance on behalf of the child, the court shall consider each party’s individual, group, or employee’s health insurance program, employ *722 ment history, and personal income and other resources. The cost of health insurance premiums incurred on behalf of the child shall be added to the basic child support obligation. (Emphasis added.)
This issue was not presented for consideration by the family court, and therefore the record contains no evidence as to the provisions of each party’s health insurance program or the cost of dependent coverage thereunder. Accordingly, we decline to address this issue for the first time as part of this appeal. Uniform Rules-Courts of Appeal, Rule 1-3.
CONCLUSION
For the reasons set forth above, the judgment of the family court is hereby affirmed. Costs associated with this appeal are assessed against plaintiff, Cheri Corbett Jes-sen.
AFFIRMED.
FOIL, J., concurs in part and dissents in part.

. 96 CW 0590 (La.App. 1st Cir. 6/28/96).

. The parties were subsequently divorced on November 4, 1996.

. It should be noted that during the pendency of this appeal, Mr. Jessen filed a rule to show cause why Ms. Jessen should not be compelled to produce the child’s passport and to further reimburse him for one-half of the transportation expenses associated with the child’s visitation. Ms. Jessen responded with an exception asserting that the pending appeal divested the family court of jurisdiction. The family court overruled the exception filed by Ms. Jessen, and ordered her to produce the child’s passport and to pay travel costs to the father.
The mother again sought a writ from this court. A panel of this court granted the writ and reversed the family court's denial of the exception, and declared the family court’s judgment ordering the production of the child’s passport and the payment of travel costs to be a nullity. We further stated that upon the signing of the devolutive appeal, the family court was divested of jurisdiction to modify or interpret its earlier judgment. La.Code Civ. P. art 2088. See, 96 CW 2071 (La.App. 1st Cir. 10/17/96).

. The income and expense affidavit filed by Thomas Jessen reflects that his gross monthly salary is $3,416.66; however, Mr. Jessen evidently does not contest the family court's finding that his adjusted gross income is $3,417.00 per month.

. While we note that in Remson v. Remson, 95-1951 (La.App. 1st Cir. 4/4/96), 672 So.2d 409, a panel of this court performed a similar deduction while calculating the child support owed under an amended custodial schedule providing for equal physical custody, we wish to point out that such a deduction is not automatic and may not always be appropriate.