775 So.2d 1182 (2000)
STATE of Louisiana in the Interest of Tanya D. GILBERT, Plaintiff-Appellee,
v.
Mack GILBERT, Sr., Defendant-Appellant.
No. 34,203-CA.
Court of Appeal of Louisiana, Second Circuit.
December 20, 2000.
*1183 James E. Norwood, Counsel for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Brenda M. Howell, Assistant District Attorney, Counsel for Appellee.
Before WILLIAMS, CARAWAY and PEATROSS, JJ.
CARAWAY, J.
In this case, the state filed a rule for child support against the father in accordance with the provisions of La. R.S. 46:236.1(F)(1) following the mother's receipt of state aid. The father showed that he is the primary care custodian of the child under a prior custody agreement which provided that neither parent would pay child support. The trial court adopted the recommendations of the administrative hearing officer and rendered judgment against the father, ordering him to pay $210 per month as child support for his minor child. For the following reasons, we reverse.

Facts
Mack Gilbert, Jr. ("Mack") and Tanya Umbarger Gilbert ("Tanya") were judicially divorced in 1996 by proceedings in Ouachita Parish, Louisiana. One child was born of their marriage, Monica Marie Gilbert ("Monica"), now 10 years old. On February 28, 1996, Mack filed a motion for divorce and Joint Custody Parenting Plan executed by both parents. Although the custody plan provided that the parties would share Monica's physical and legal custody jointly, Mack was designated as the "primary care custodian," with custody for four days each week or 57% of the time. The agreement further provided that since each parent was sharing custody of the child as equally as practicable, "neither party shall pay child support to the other party."[1]
Some time after Tanya's full-time employment was terminated in 1998, she began receiving assistance from the State in the form of welfare, food stamps and a grant to attend cosmetology school. Tanya is presently a full-time student and recently began working part-time at Wendy's, a fast food restaurant.
On July 15, 1999, the State of Louisiana, through the Ouachita Parish District Attorney's Office, filed a rule for child support against Mack. The State, reputedly acting as assignee of Tanya's right to a support obligation[2] under Louisiana's *1184 Family Independence Temporary Assistance Program ("FITAP"), seeks to obtain a child support order against Mack.[3]
An administrative hearing was held on October 1, 1999. Tanya testified that she received $138 a month for welfare and $232 a month in food stamps. Mack has been employed by Riverwood International Corp. since 1996, earning about $11.00 per hour. The hearing officer used the annual income amount disclosed by Mack's 1998 federal income tax return ($33,474) to fix his income at $2,789 per month. Monthly income imputed to Tanya based on minimum wage was fixed at $885 per month. The parties' percentage share of total income was fixed at 75.9% for Mack and 24.1% for Tanya. The basic child support obligation based on this combined income amount was $545. This figure was multiplied by 43% (the portion of time Tanya was to have had physical custody of Monica according to the 1996 custody agreement) to arrive at $234 per month. In consideration of Mack's furnishing health insurance for Monica, he was allowed a $34 per month credit therefor. Thus, Mack was ordered to pay $200 per month as child support for Monica.
The hearing officer determined from the parties' custody agreement that custody of Monica was shared in the proportions of 57% (Mack) and 43% (Tanya), or a "nearly equal" split. Notwithstanding the fact that Mack testified he was the primary custodial parent and that the parties did not share custody according to the agreement, the hearing officer relied on State in the Interest of Travers v. Travers, 28,002 (La.App. 2 Cir. 12/6/95), 665 So.2d 625, as the basis for imposing liability on Mack to pay child support to Tanya.
Mack requested a rehearing in district court within the delay allowed for appeal. At the rehearing on November 4, 1999, Mack's counsel argued that the hearing officer erred by obligating the domiciliary parent to pay child support to the nondomiciliary parent, in contravention of the provisions of La. R.S. 9:315.8(D). At the close of testimony, the trial court took the matter under advisement. By judgment executed March 17, 2000, the trial court adopted the hearing officer's recommendation that Mack pay $200 per month child support for Monica, plus a $10 monthly administrative fee, or a total of $210 per month beginning October 1, 1999. Mack appeals claiming that the trial court erred when it confirmed the administrative hearing officer's order obligating him, as domiciliary parent, to pay the nondomiciliary parent $200 per month child support for their minor child.

Discussion
The State's action in this case is authorized under Louisiana's law for Aid to Needy Families embodied in La. R.S. 46:236.1(F)(1) which provides in pertinent part as follows:
The department, except when it is not in the best interest of the child, may ... take direct civil action ... in any court of competent jurisdiction, to obtain an order, judgment, or agreement of support against the responsible person in any case in which the department is providing services under this Section. The amount of such support shall be set only by order of the court or by the consent of the parties, but in either case the department shall be designated as payee. Additionally, the department may take direct action to modify an *1185 order or judgment of support, including actions to increase or decrease support, in any case in which the department is providing services pursuant to this Section. A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding.
Though the action is "separate and distinct" from actions between parents to fix child support in divorce and custody proceedings, the courts have utilized the child support guidelines for determination of child support, La. R.S. 9:315, et. seq. (hereinafter the "Guidelines"), in fixing the amount of support in actions by the State. State in the Interest of Travers v. Travers, supra.
Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. La. Civ.Code art. 227. A parent may discharge this duty by either (1) providing the support in kind as a domiciliary parent or (2) paying money for obtaining the support, maintenance and education as a nondomiciliary parent. LeFebvre v. LeFebvre, 589 So.2d 66 (La.App. 1 Cir.1991); La. R.S. 9:315.8(D). The domiciliary parent is the parent with whom the child shall primarily reside. La. R.S. 9:335(B)(2).
The obligation to support their children is conjoint upon the parents and each must contribute in proportion to his or her resources. This obligation is solidary because each parent is bound for the entirety. Thus, if one of them has nothing, or if one of them dies, the other is obligated to support alone all the expenses. Hogan v. Hogan, 549 So.2d 267 (La.1989). The child is the veritable creditor of each parent's unilateral obligation for his upbringing, with the special expenses it entails. Id. See generally, Dubroc v. Dubroc, 388 So.2d 377 (La.1980).
Louisiana's Guidelines for determination of child support were enacted to solve the problem of inadequate and inconsistent awards for child support. Stogner v. Stogner, 98-3044 (La.7/7/99), 739 So.2d 762. The amount of support determined by the Guidelines formula is presumed to be in the best interest of the child. La. R.S. 9:315.1; Guillot v. Munn, 99-2132 (La.3/24/00), 756 So.2d 290.
Each parent testified at the administrative hearing and trial that, notwithstanding their custody agreement, Monica lives with her father two weeks during the month, with her paternal grandmother two weeks during the month and with her mother three weekends a month. Monica attends school in her grandmother's school district. Apparently, either Monica's grandmother or Mack's wife cares for her after school so that daycare outside of the home is not required. Our review of the record indicates that the parties have not abided by their agreement to share custody. Therefore, the record does not support the hearing officer and the trial court's conclusion that Monica lives with her mother 43% of the time. Reliance on that conclusion is manifest error.
In State in the Interest of Travers v. Travers, supra, the parents had joint custody of their three minor children. The children lived with their father from 7:30 a.m. Friday until 7:30 a.m. Monday and with their mother during the remainder of the week, resulting in the mother retaining the children 57% of the time. Mr. Travers was therefore not named as the domiciliary parent in the original custody decree, and he had been ordered to pay $500 per month in child support in the parties' prior divorce action. In the enforcement suit by the state Support Enforcement Services, the trial court found that the Travers maintained two households for the children and characterized the parents as co-domiciliaries. Since the children spent almost equal time between each parent's residence, the court found that the expense of maintaining two homes for the *1186 children would exceed those contemplated under the Guidelines. Finding that a mechanical application of the Guidelines would neither be in the best interest of the children or equitable in such a dual household situation, the court recomputed the father's basic child support obligation under the Guidelines and, in view of the amount of time the children spent with each parent, ordered the father to pay the state $582.76 per month plus an administrative fee. This court, in reviewing the award, cautioned that the so-called "dual household" method was not necessary or even appropriate in all co-domiciliary cases, but held that the trial court had not abused its discretion in using such a calculation under the facts of the case. Id. at 628.
There is no showing in the instant case that Monica's parents are co-domiciliary parents. To the contrary, Mack was designated as the primary care custodian. Monica lives with her father and her paternal grandmother the great majority of each month and only visits her mother on weekends. Unlike the father in Travers, Mack was not under a pre-existing support obligation resulting from the parents' divorce proceeding. Thus, the State's reliance on the parties' relationship in Travers for the allocation of each parent's support obligation in this case is misplaced.
The State, in pursuing its "separate and distinct cause of action" under La. R.S. 46:236.1(F)(1), relies on the Guidelines contained in § 315.14 of Title 9 to determine the amount of the child support obligation from the adjusted monthly income of the two parents. Nevertheless, the State urges that § 315.8(D) of the Guidelines should have no bearing on this case. La. R.S. 9:315.8(D) provides in pertinent part:
The party without legal custody or nondomiciliary party shall owe his or her total child support obligation as a money judgment of child support to the custodial or domiciliary party....
The State insists upon the time allocation of the prior agreement of the private litigants, apparently confirmed in a divorce judgment, allowing a 57%/43% custody split between the parents, yet that sharing arrangement was shown in the trial of this case to be no longer in effect. The prior agreement's designation of Mack as the domiciliary parent with primary legal custody, however, is discounted by the State. These inconsistencies in the state's legal stances cannot go unnoticed.
When we consider La. R.S. 46:236.1(F)(1) and the state's separate cause of action to recover for FITAP assistance, the law first cautions that such action may not be taken when it would be against the best interest of the child. That guiding principle, "in the best interest of the child," presumptively underlies the child support scheme of the Guidelines, including § 315.8(D), which entitles only the domiciliary parent to monetary support payments from the nondomiciliary parent, and not vice versa. This is not a case where the parties share the time of custody equally so that a court might be permitted to deviate from the clear implication of § 315.8(D). Cf., In the Matter of Burkenstock, 95-586 (La.App. 5th Cir.12/13/95), 666 So.2d 1168. After extensively reviewing the Guidelines and the propriety of deviations from the Guidelines, our supreme court in Guillot v. Munn, supra, cautioned that courts "must ensure that any deviation from the Guidelines will not result in the domiciliary parent's inability to adequately provide for the child." Id. at 756 So.2d 300. In the present case, where the domiciliary parent's time period for custody greatly exceeds the visitation of the nondomiciliary parent, monetary support payments by the domiciliary parent would clearly not be in the best interest of the child under the Guideline's child support scheme. Accordingly, we find no support in the law or in this record for holding that the $200 per month payments ordered in this case are in the best interest of the child and the ruling of the hearing officer and the trial court is reversed.

*1187 Conclusion

For the foregoing reasons above discussed, the judgment of the trial court is reversed. The responsibility for costs of this appeal shall be determined by the application of La. R.S. 13:4521(A)(1), et seq.
REVERSED.
NOTES
[1] By order dated August 8, 2000, this court denied the State's motion to supplement the record with the Judgment of Divorce; accordingly, the Judgment incorporating the Joint Custody Plan is not properly before us.
[2] La. R.S. 46:236.1(E)(1) provides as follows:

By accepting FITAP for or on behalf of himself or another individual, the applicant or recipient shall be deemed ... to have made an assignment to the department of his entire right, title and interest to any support obligation such applicant or recipient may have in his own behalf or on behalf of any family member for whom applicant is applying for or receiving FITAP which has accrued at the time of certification for FITAP and which accrues during the FITAP time is furnished.
[3] La. R.S. 46:236.1(B)(1) provides as follows:

The department is hereby authorized to development and implement a program of family support in FITAP cases ... designed to do the following:
(a) Enforce, collect, and distribute the support obligation owed by any person to his child ...
(d) Obtain and modify family and child support orders.