STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-457

NATALIE JEANNE EDMONDS LORD

VERSUS

BRETT KENNETH LORD

************

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2004-1100 "B"
HERMAN I. STEWART, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Marc T. Amy, Billy H. Ezell, and James T. Genovese, Judges.

AFFIRMED.

Mitchel M. Evans II
416 North Pine Street
DeRidder, Louisiana 70634
(337) 462-5225
COUNSEL FOR DEFENDANT/APPELLANT:
    Brett Kenneth Lord

Elvin C. Fontenot, Jr.
110 East Texas Street
Leesville, Louisiana 71446
(337) 239-2684
COUNSEL FOR PLAINTIFF/APPELLEE:
    Natalie Jeanne Edmonds Lord

**GENOVESE, Judge.**

Brett Kenneth Lord (Brett) appeals the trial court's judgment in favor of Natalie Jeanne Edmonds Lord (Natalie) increasing the amount of his child support obligation from $1,350.00 to $1,783.00 per month. For the following reasons, we affirm.

## FACTS

Two children were born of the marriage of Brett and Natalie Lord: namely, Braddock Russell, born November 9, 2001; and Jackson Kenneth, born June 11, 2004. In December 2004, the parties entered into a Stipulated Judgment relative to the custody and support of the children which provided that they would have joint custody of the children and which set Brett's child support obligation at $1,350.00 per month. The parties were divorced in November of 2005.

In February of 2007, Natalie filed a Rule To Increase Child Support. The hearing officer's recommendation to increase Brett's child support obligation to $1,783.00 became the judgment of the trial court in May of 2007. Brett appealed this judgment, and this court reversed and remanded the matter for further proceedings. *Lord v. Lord*, 07-1267 (La.App. 3 Cir. 4/23/08), 981 So.2d 210.

Natalie's Rule to Increase Child Support came before the hearing officer again on June 24, 2008. The hearing officer again recommended that Brett's child support obligation be increased to $1,783.00 per month. Brett appealed the hearing officer's recommendation to the trial court. On August 11, 2008, the trial court found no error in the hearing officer's recommendation and affirmed the hearing officer's upward modification of the child support obligation. A judgment consistent therewith was signed on December 30, 2008. It is from this judgment that Brett appeals.

1

## ASSIGNMENTS OF ERROR

Brett presents the following assignments of error for our review:

1. The [t]rial [c]ourt committed an abuse of discretion in failing to deviate from the guidelines as a result of the extraordinary community obligations assumed by [Brett] and memorialized in a Stipulated Judgment.

2. The [t]rial [c]ourt failed to consider that [Natalie's] change of circumstances should not have been considered as they were already addressed in a Consent Judgment entered into by and between the parties as it pertains to the claim for child care costs; and, as it pertained to increased medial expenses, [Brett] should not have been penalized because of [Natalie's] unilateral decision to seek medical treatment outside of the service plan provided by [Brett's] medical insurance provider, Tricare.

## LAW AND DISCUSSION

On appeal, Brett argues that the trial court erred in not deviating from the child support guidelines "because of the extraordinary financial obligations assumed by [him]." Additionally, he contends that the trial court "should have given legal efficacy to a Joint Stipulation which addressed the issue of child care costs, such that it should not have been considered as a basis for [Natalie's] claim of a 'change in circumstances.'" Finally, Brett argues that Natalie's claim that there had been the requisite "change in circumstances" should not have been considered "based on medical expenses incurred by [Natalie] solely because of her refusal to utilize [Brett's] medical insurance through Tricare, which would have covered all of [Natalie's] medical expenses and expenses relative to travel to and from the medical provider."

### *Standard of Review*

The party seeking modification of a consent judgment [relative to the award of child support] has the burden of proving that there has been a change in circumstances from the time of the award and the time of the motion for modification of the award. *Riggs v. LaJaunie*, 98-304

2

(La.App. 3 Cir. 10/7/98), 720 So.2d 114; *Stogner v. Stogner*, 98-3044 (La. 7/7/99), 739 So.2d 762. In arriving at a child support award, the totality of relevant circumstances must be considered. *Rosenbloom v. Rosenbloom*, 94-1762 (La.App. 4 Cir. 4/26/95) 654 So.2d 877, *writ denied*, 95-1320 (La. 9/1/95), 658 So.2d 1266. The trial court has great discretion in decisions concerning modification of child support decrees, and such decisions will not be disturbed on appeal absent a clear abuse of discretion. La. R.S. 9:311(A); *Young v. Young*, 95-1154 (La.App. 3 Cir. 4/17/96), 673 So.2d 1154; *Rosenbloom, supra*.

*Hansel v. Hansel*, 00-1914, p. 4 (La.App. 4 Cir. 11/21/01), 802 So.2d 875, 879, *writ denied*, 01-3365 (La. 3/8/02), 811 So.2d 880.

### *Change of Circumstances*

Louisiana Revised Statutes 9:311(A)(1) provides that "[a]n award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award." In her Rule to Increase Child Support, Natalie alleged that circumstances had changed such that she was entitled to an increase in the child support awarded for the following reasons:

A. [t]hat the medical cost on the minor child, Braddock Russell Lord[,] [has] significantly increased since the Judgment dated December 30, 2004;

B. [t]hat the mover now has to pay day care for the two minor children; [and]

C. [t]hat BRETT KENNETH LORD has had an increase in income since the court[-]ordered support of December 30, 2004.

Clearly, although Brett contends that the increased medical expenses occurred as a result of Natalie's own volition and, thus, should not have been considered, this is not the only change in circumstance upon which Natalie relied. It is also not the only change in circumstance for which evidence was adduced at trial.

The only witness to testify at the hearing on Natalie's Rule to Increase Child

3

Support was Natalie. It was her testimony that, at the time the parties entered into the consent judgment, she "had not been working[.]" However, at the time the increase in child support was sought, Natalie was employed which necessitated daycare for the two children. Additionally, it was her testimony that she was now having to pay for the medical expenses of one of the children. Further, based upon her testimony, it was established that following the original child support obligation award, Brett, who was in the military, had received a promotion and had been assigned to a new duty location for his employment. It was also Natalie's testimony that both she and Brett had remarried in the interim. Based upon this unrefuted testimony, we find no merit to Brett's contention that Natalie failed to establish that a change in circumstances had occurred. Even if we were to accept his contention that the medical expenses should not have been considered, the record contains sufficient evidence that a change of circumstances had occurred. We, therefore, find no merit to this assignment of error.

### *Deviation from Child Support Guidelines*

Brett also argues on appeal that the trial court "should have deviated from the guidelines in awarding [Natalie] child support because of the extraordinary financial obligations assumed by [Brett]" as contemplated by La.R.S. 9:315.1(C)(5).[1] We

_____

[1]Louisiana Revised Statutes 9:315.1 (emphasis added) provides in pertinent part:

> C. In determining whether to deviate from the guidelines, the court's considerations may include:

> (1) That the combined adjusted gross income of the parties is not within the amounts shown on the schedule in R.S. 9:315.19.

> (a) If the combined adjusted gross income of the parties is less than the lowest sum shown on the schedule, the court shall determine an amount of child support based on the facts of the case, except that the amount awarded shall not be less than the minimum child support provided in R.S. 9:315.14.

> (b) If the combined adjusted gross income of the parties exceeds the highest

4

disagree.

On this issue, we note that "[t]he guidelines are mandatory and provide limits and structure to the trial court's discretion in setting the amount of support." *Jones v. Jones*, 44,201, p. 7 (La.App. 2 Cir. 4/8/09), 6 So.3d 1275, 1279. "A trial court's factual findings cannot render the guidelines *inapplicable*, although some factual findings may warrant a *deviation* from the guidelines." *Hildebrand v. Hildebrand*, 626 So.2d 578, 580 (La.App. 3 Cir. 1993). Additionally, in a previous matter wherein

sum shown on the schedule, the court shall determine an amount of child support as provided in R.S. 9:315.13(B)(1) and may order the placement of a portion of the amount in a trust in accordance with R.S. 9:315.13.

(2) The legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party's household.

(3) That in a case involving one or more families, consisting of children none of whom live in the household of the noncustodial or nondomiciliary parent but who have existing child support orders (multiple families), the court may use its discretion in setting the amount of the basic child support obligation, provided it is not below the minimum fixed by R.S. 9:315.14, if the existing child support orders reduce the noncustodial or nondomiciliary parent's income below the lowest income level on the schedule contained in R.S. 9:315.19.

(4) The extraordinary medical expenses of a party, or extraordinary medical expenses for which a party may be responsible, not otherwise taken into consideration under the guidelines.

**(5) An extraordinary community debt of the parties.**

(6) The need for immediate and temporary support for a child when a full hearing on the issue of support is pending but cannot be timely held. In such cases, the court at the full hearing shall use the provisions of this Part and may redetermine support without the necessity of a change of circumstances being shown.

(7) The permanent or temporary total disability of a spouse to the extent such disability diminishes his present and future earning capacity, his need to save adequately for uninsurable future medical costs, and other additional costs associated with such disability, such as transportation and mobility costs, medical expenses, and higher insurance premiums.

(8) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.

the propriety of a child support award was appealed, this court stated as follows:

> The child support guidelines promulgated in LSA-R.S. 9:315 et seq. apply to the present case. LSA-R.S. 9:315.1 creates a rebuttable presumption that the amount calculated under the guidelines is the proper amount of a child support award. LSA-R.S. 9:315.1(B) allows the trial court to deviate from the guidelines if their application would not be in the best interest of the child or would be inequitable to the parties. A downward deviation requires a showing that application of the guidelines would be inequitable to the parties as such a downward deviation would obviously not be in the best interest of the child. *Montgomery v. Waller*, 571 So.2d 765, 768 (La.App. 2nd Cir.1990). Section (C) recognizes the court's discretion to consider various obligations in deviating from the guidelines. . . . If the court deviates from the guidelines, it must, in accordance with section (B), give oral or written reasons for the deviation on the record.

*Miller v. Miller*, 610 So.2d 183, 184  (La.App. 3 Cir. 1992).

Thus, in the instant matter, there is a rebuttable presumption that the proper amount of the child support award is that which is calculated pursuant to the child support guidelines.[2]  Brett, as the parent seeking a deviation from the guidelines, has the burden of proving that an application of the child support guidelines would be inequitable to him because of what he classifies as "extraordinary financial obligations" that he assumed at the time of the community property partition. Following the hearing, the trial court concluded that Brett had not established grounds for a deviation from the child support guidelines.

Brett refers this court to the case of *Savoie-Moore v. Moore*, 98-235 (La.App. 4 Cir. 9/16/98), 719 So.2d 551, wherein the fourth circuit affirmed a child support award which was in deviation of the child support guidelines based upon the existence of extraordinary community debt. However, the evidence relative to the "extraordinary community debt of the parties" in *Savoie-Moore* differs significantly

---

[2]The transcript reveals that the parties agree that the amount of the child support award was correctly determined in accordance with the guidelines assuming that no deviation therefrom was warranted.

from that of the case at bar. In *Savoie-Moore,* the amount of the community debt which was assumed by one of the parties was not only established but, in addition thereto, there was "credible" evidence of an inability of that party "to service the debt and pay child support as provided in the interim agreement." *Id.* at 555. The father, in that case, "juggled his obligations and borrowed from his parents" in an effort to fulfill his child support obligations. *Id.* It was his testimony that "he had considered bankruptcy as an option but that he was trying to avoid doing so." *Id.*

In the case at bar, the amount of the community debt which was voluntarily assumed by Brett was established. However, the record indicates that Brett failed to present any evidence at the hearing on Natalie's Rule to Increase Child Support to establish his ability or inability to fulfill his obligation of paying those debts contemporaneous with fulfilling his child support obligation. Moreover, although Brett asserts that he assumed in excess of $130,000.00 in community debt, we note that this occurred in 2004 when the consent judgment was reached by the parties. Even if this was an "extraordinary community debt of the parties," the requisite showing of it being an "inequity" to Brett years after these debts were assumed was not established. Considering the totality of the circumstances, including the years which have elapsed, the amount of the community debt which was assumed by Brett, the absence of any showing of his inability to pay, and the absence of proof of any inequity resulting therefrom, we find no abuse of the trial court's discretion in refusing to deviate from the child support guidelines in this case.

## DECREE

Based upon the foregoing, the judgment of the trial court increasing the child support obligation of Brett Kenneth Lord from $1,350.00 to $1783.00 per month is

affirmed.  Costs of this appeal are assessed to Brett Kenneth Lord.

**AFFIRMED.**